On the 16th day of April, 2013, hearing was had upon the timely challenge of Petitioner Robin Mayes to the eligibility of certain candidates for offices on the Cherokee Nation Council. Said hearing was scheduled by the Court pursuant to the accelerated requirements of the provisions of LA-06-10, Title 26 CNCA § 37(3). The Petitioner appeared in person and by Á.J, Garcia, his attorney. The Respondent Cherokee Nation Election Commission appeared through Bill Horton, Commission Chairman and by Harvey L. Chaffin, their attorney. The Respondent Meredith Frai-ley appeared in person and by James J. Proszek, Hall, E still, Hardwick, Gable and Nelson, PC, Tulsa, Oklahoma. The Respondents Don Garvin and Jack Baker appear in person and by Chadwick Smith, their attorney. The Respondent David Thornton appeared in person and by Lloyd Cole, his attorney. The Respondent Curtis Snell appeared in person and by Charles Hoskins, Jr., his attorney. The Respondent Charles Hoskins, Jr., appeared in person pro se.
At the outset of the hearing, the Court entered the following findings and orders in open Court:
1) That the Petitioner’s Motion to Disqualify unnamed Justices was denied.
2) That the Petitioner’s pending Motion for Continuance was denied.
3) That the Petitioner’s Motion to Disqualify attorneys Hoskins, Jr. and Smith was denied.
4) The Petitioner’s Motion to Strike Responses was denied.
5) That the issue raised in the Petitioner’s Petition regarding the Election Commission’s declining to consider the issue of delay in processing of Freedmen *144 applications to vote was not properly before the Court pursuant to LA-06-10, Title 26 CNCA § (1).
6) That the issue raised in the Petitioner’s Petition and pleadings regarding the Election Commission’s failure to consider the method used by the Election Commission to collect background information; delay in certification of elections, and alleged error in the method of designating election poll watchers; was not properly before the Court pursuant to LA-06-10, Title 26 CNCA § (1).
WHEREUPON, the Court proceeded to hear testimony, receive evidence and consider the argument of counsel upon the remaining issues raised in the Petitioner’s Petition, to-wit:
a) Whether the Election Commission erred by finding candidates Frailey, Garvin and Thornton had not exceeded the two-term limits established by Article VI, § 3, Constitution of the Cherokee Nation (1999);
b) Whether the Election Commission erred by finding that candidates Frailey, Garvin, Thornton, Baker, Snell and Hos-kins, Jr. had not exceeded their four-year terms established by Article VI, § 3, Constitution of the Cherokee Nation (1999); and
c) Petitioner’s challenge to Ms own eligibility and candidacy upon the grounds that he would be a candidate for a de-faeto office inasmuch as the Constitution of the Cherokee Nation of 1999 has not received approval from the federal government.
This Court, having reviewed the Petition, written authority, argument and all responsive pleadings and briefs in opposition thereto, having considered the evidence and testimony presented in open Court, and having deliberated thereon, made its findings and pronouncement in open Court on the said 15th day of April, 2013 in disposition of all remaining issues presented, and pursuant to LA-06-10 Title 26 CNCA § (4), submits the following findings and Order memorializing said decision:
The filings of candidates Frailey, Garvin and Thornton for their respective elective offices do not violate the Term Limits provisions of the Constitution of the Cherokee Nation (1999). This Court has recently held in Cherokee Nation Council v. Smith and CEC, SC-09-03, at page 5 of the Opinion that the issue of term limits was ripe for decision and that the first term of office to be considered for the purposes of calculation of Constitutional term limits would be the elective terms of office beginning pursuant to the election of 2007. Elective office held by these Candidates prior to that election would not be counted in determining term limits. The Election Commission did not err in finding that these candidates did not violate the Constitutional term limits. There is nothing presented by the Petitioner that would cause this Court to revisit our decision in SC-09-03 since its rendition on February 7, 2010.
Further, in the same case, this Court on consideration of the staggered term scheme enacted by the Council in LA-07-07, which necessarily extended some Council office terms, found the same to be within the Constitutional authority granted to the Council. The ruling of the Election Commission in denying the challenge to the candidates Frailey, Garvin, Thornton, Baker, Snell and Hoskins, Jr. based upon exceeding a four year term of office is affirmed.
The Petitioner challenges his own candidacy by advocating that the failure of the federal government to approve the Constitution of the Cherokee Nation of 1999, renders the same ineffective and that he is *145 therefore seeking election to a de facto office, one that exists but is illegal. This Court in In Re: The Status and Implementation of the 1999 Constitution of the Cherokee Nation, JAT-05-04, found that the 1999 Constitution of the Cherokee Nation was the Organic Law of the Cherokee Nation on July 26, 2003 pursuant to the vote of its Citizens. Our majority found that evidence of federal approval was sufficient and bolstered by federal inaction for three years since the vote of the Citizens on the Constitution. We now stand at ten years after the election and nothing presented by the Petitioner compels us to revisit our decision in JAT-05-04. The office sought by the Petitioner is legally created by, and exists under the organic authority of the Constitution of 1999.
The ruling of the Cherokee Nation Election Commission affirming the eligibility of Council candidates Charles Hoskins, Jr., David Thornton, Meredith Frailey, Curtis Snell, Don Garvin and Jack Baker is affirmed by this Court. Respondents’ request for attorney fees and costs pursuant to LA-03-03 is denied with an admonition to the Petitioner delivered in open Court.
IT IS SO ORDERED.
/s/ Darrell Dowty DARRELL DOWTY, Chief Justice
/s/ James G. Wilcoxen JAMES G. WILCOXEN, Justice
/s/ Troy Wayne Poteete TROY WAYNE POTEETE, Justice
/s/ John C. Garrett JOHN C. GARRETT, Justice
/s/ Angela Jones ANGELA JONES, Justice